**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-172 SNLJ |
| | ) | No. 4:16-CV-262 |
| | ) | No. 4:16-CV-297 |
| THE ST. LOUIS RAMS, LLC, | ) | No. 4:16-CV-189 |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff James Pudlowski's motion to reconsider the Court's order denying plaintiff's motion to remand (#48).

This matter's jurisdictional status has been the subject of considerable litigation. Plaintiff filed his first complaint in state court , and the defendants removed the case to this Court citing diversity jurisdiction generally[1] and, in the alternative, "minimal diversity" under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), (d)(5) ("CAFA"). Plaintiff filed a First Amended Complaint ("FAC") and with it a motion to remand to state court. The FAC attempted to clarify that the class was comprised only of Missouri citizens, rendering any "minimal diversity" arguments inaccurate for CAFA purposes. Plaintiff also argued that even if CAFA jurisdiction were present, then the "local controversy exception" applied to require remand because more than two-thirds of the plaintiff class are Missouri citizens. *See* 28 U.S.C. § 1332(d)(4)(A).

The defendants' response to the motion to remand argued that the original petition created minimal diversity because the class definition used the term "Missouri resident,"

---

[1] It appears that the parties agree that standard diversity jurisdiction, 28 U.S.C. § 1332(a), is not present here.

1

leaving open the possibility that a non-Missouri citizen who was also a Missouri resident could be a member of the class and thus provide diversity of citizenship. The defendants argued that the Court should not consider the FAC, which revised the class definition to include only Missouri citizens who were Missouri citizens at the time of the petition's filing.

Plaintiffs replied and pointed out that defendants had not met their burden of proof to establish CAFA jurisdiction because defendants had not identified any person who created minimal diversity. Defendants sought and received permission to file a Sur-Reply with attached affidavits from Missouri residents who were not Missouri citizens. This Court did not consider the affidavits and remanded the matter to state court, but the Eighth Circuit subsequently (and without ruling on any substantive matter) instructed this Court to consider the affidavits before reaching a ruling on the remand issue (#55).

On remand from the Eighth Circuit, the plaintiff filed a Sur-Response urging the Court to consider its FAC definition of the class and citing Ninth Circuit law. Defendants responded to the Sur-Response. This Court denied the motion to remand and held that the FAC could not be considered and that minimal diversity exists.

Plaintiff now requests reconsideration of the Court's order because, he says, the Court did not consider the "local controversy exception" or the "home state exception" to CAFA jurisdiction. Defendants respond that plaintiff abandoned those arguments because they have not been raised since the plaintiff's very first brief on the motion to remand. Plaintiff responds that plaintiff did not abandon those arguments; rather, those arguments were only relevant if the Court found "minimal diversity" under CAFA, which plaintiff disputed from the beginning. Plaintiff further notes that because it was

defendants' burden to establish CAFA jurisdiction, the burden was not on plaintiff to prove the exceptions were effective unless defendants met their burden.

The Court's Memorandum and Order held that defendants had established each of the three CAFA jurisdictional elements: (1) minimal diversity among the parties (that is, any class member and any defendant are citizens of different states); (2) at least 100 class members; and (3) an amount in controversy of more than $5 million. 28 U.S.C. § 1332(d)(2), (d)(5); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). The Court also held that the class definition in the first petition, not the FAC, applied because the pre-removal complaint is the relevant document for determining whether removal was appropriate. (#64 at 5.) Plaintiff points out that the original petition explicitly stated that there is "no diversity of citizenship" among the parties, but the Court did not address that matter, instead focusing on the clear language of the class definition, which refers only to "Missouri residents."

Plaintiff claims that, in light of the Court's conclusion that the CAFA jurisdictional elements had been established, the Court should have applied the local controversy exception to the facts of the case. Under the local-controversy exception, a district court must decline to exercise jurisdiction over a class action (1) in which more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, (2) at least one significant defendant is a citizen of the state in which the class action was originally filed, (3) the principal injuries were incurred in the state in which the action was filed, and (4) no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action. 28 U.S.C. § 1332(d)(4)(A); *Westerfeld*, 621 F.3d at 822.

There appears to be no doubt that the second, third, and fourth factors for the local controversy exception are met here. The parties' dispute pertains to the first factor, whether more than two-thirds of the class members are Missouri citizens. Plaintiff argues that his attorney's affidavit filed with the motion to remand adequately satisfies the first element or that, if it does not, then plaintiff should be afforded jurisdictional discovery regarding state citizenship. *See Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 266 (8th Cir. 2015) (describing discovery process but holding that "last-known address" evidence was not persuasive ). The Eighth Circuit approves of the Seventh Circuit's approach, in which

> plaintiffs may "take a random sample of potential class members, ascertain the citizenship of each on the date the case was removed, and extrapolate to the class as a whole. If the sample yields a lopsided result, the outcome is clear without the need for more evidence. If the result is close to the statutory two-thirds line, then do more sampling and hire a statistician to ensure that the larger sample produces a reliable result."

*Id.* (quoting *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 665 (7th Cir. 2014) (internal changes adopted)).

The Rams were located in St. Louis, and intuitively a Missouri team would be patronized by Missouri citizens. Even though it appears to the Court that there is a great likelihood that more than two-thirds of the plaintiffs' class consists of Missouri citizens, out of an abundance of caution, the Court will allow limited discovery for the purpose of obtaining a more statistically significant sample than the ad-hoc analysis performed by plaintiff's counsel. The parties shall submit a proposal for obtaining such a statistically significant sample to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsider (#48) is **GRANTED**.

**IT IS FURTHER ORDERED** that limited discovery shall be permitted in the *Pudlowski* matter for the purpose of determining whether the local controversy exception to CAFA jurisdiction applies.

**IT IS FINALLY ORDERED** that the parties shall file a joint proposal for proceeding with the limited discovery no later than January 13, 2017.

Dated this  15th  day of December, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE