UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-172 SNLJ |
| | ) | No. 4:16-CV-189 |
| | ) | No. 4:16-CV-262 |
| THE ST. LOUIS RAMS, LLC, | ) | No. 4:16-CV-297 |
| | ) | CONSOLIDATED |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On January 24, 2017, the Court entered a Case Management Order providing that defendant must "disclose any expert(s) and provide reports required by Rule 26(a)(2) no later than April 7, 2017," with depositions of any such experts to "take place no later than April 28, 2017." (#78 at 2). Under the Order, plaintiffs "may identify rebuttal expert witnesses and provide rebuttal reports required by Rule 26(a)(2) no later than May 5, 2017," with depositions of such experts to take place no later than May 15, 2017." (*Id.*)

Defendant states that it believes expert opinions may be necessary to address issues regarding class certification. However, the parties are scheduled to mediate on April 21, 2017. Defendant seeks an extension of time through May 5, 2017 to disclose experts and provide reports, with depositions to take place no later than May 19. Defendants agreed to provide the identity of its experts and provide "general topics" of expert opinions to the plaintiffs now, before mediation, with formal opinions to follow. The *Arnold* plaintiffs have agreed to those terms, but the *McAllister* and *Envision* plaintiffs have not. The objecting plaintiffs state that they need information about

1

defendant's expert witness opinions in order to mediate the case effectively. They thus request that defendant disclose, along with the experts' identities, information regarding the "general opinions" of plaintiff's experts. Alternatively, they suggest that the Court delay the mediation until after expert discovery can occur.

The briefing on this basic motion became more complicated when the *Arnold* plaintiffs filed their objection on April 12, 2017. Despite having initially agreed with defendant that defendant could provide the identity of its experts and those experts' "general topics" of opinion, defendant has not done so. Defendant claims that its "deal" with Arnold dissolved when the other plaintiffs would not accept the offer. Arnold's mediation memoranda was due to the mediator on April 11, and Arnold wanted the information defendant promised in order to properly analyze class certification in the memorandum.

Mediation is set to begin on April 21. It appears that a short continuance to allow defendant time to produce its expert reports, along with a short continuance of the mediation deadline, would be preferable to continuing with mediation with only partial information about defendant's experts.

Thus, the Court will grant defendant's motion but will accept plaintiffs' invitations to extend the mediation deadline.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for to extend expert deadlings (#92) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Case Management Order is **MODIFIED** as follows:

Expert disclosures and reports as required by Rule 26(a)(2) are due **May 5, 2017**, with depositions of any such experts to take place no later than **May 19, 2017**.

Plaintiffs' rebuttal witnesses and reports as required by Rule 26(a)(2) are due **May 26, 2017**, with depositions of such witnesses to take place no later than **June 5, 2017**.

The ADR Compliance Report Deadline shall be extended to **July 1, 2017**.

Dated this __18th__ day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE