# Exhibit D

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

RONALD McALLISTER, *et al.*,    )
    )
        Plaintiffs,    )    4:16-CV-00172 SNLJ
    )    4:16-CV-00262
    v.    )    4:16-CV-00297
    )    4:16-CV-00189
THE ST. LOUIS RAMS, LLC, *et al.*,    )    CONSOLIDATED
    )
        Defendants.    )

**OBJECTIONS AND RESPONSES TO PLAINTIFF RONALD McALLISTER'S FIRST
SET OF REQUESTS FOR ADMISSION TO DEFENDANT THE ST. LOUIS, RAMS, LLC**

The St. Louis Rams, LLC ("Defendant" or the "Rams") makes the following objections
and responses to Plaintiff Ronald McAllister's ("Plaintiff") First Set of Requests for Admission
to Defendant The St. Louis, Rams, LLC.  By agreement of the parties, Defendant previously
timely served objections, and now timely provides these additional responses.

**PRELIMINARY STATEMENT**

1.    Defendant makes these responses and/or objections solely for the purpose of this
action.  Each response or objection is made subject to all objections to competence, materiality,
relevance, attorney-client privilege, work product protection, or other objection as to the
admissibility that may apply in the event that any such response, or the information contained
therein, is sought to be used in court.  Defendant expressly reserves all such objections.

2.    Defendant has not yet completed investigation of the facts relating to this action
and has not completed preparation for trial.  Defendant may discover information, facts,
evidence, documents, and things that are not set forth in these responses or objections but which
may be responsive.  The following responses and/or objections are based on Defendant's present
knowledge, information, and belief after a reasonable investigation and are complete as to

Defendant's best knowledge at this time.  Furthermore, Defendant has prepared these responses and/or objections based on its good faith interpretation and understanding of the individual requests, but Defendant reserves its right to correct any inadvertent errors or omissions. Defendant also reserves the right to conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents, and things developed during the course of discovery and trial preparation, notwithstanding the reference to certain facts, evidence, documents, and things in these responses and/or objections.

## GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's definition of "Defendant" as including Defendant's "members, officers, directors, employees, agents, assigns, predecessor-in-interest and successors-in-interest" as overbroad, unduly burdensome, oppressive, irrelevant, and not proportional to the needs of this case.  The only defendant in this case is The St. Louis Rams, LLC.  As made clear in its corporate disclosure statement, Defendant is wholly owned by its members, ITB Football Company, L.L.C., and KSE Football, LLC.  Requiring Defendant to respond for entities that are not parties to this suit and provide information not within its possession, custody, or control is improper.  In responding to Plaintiff's discovery, Defendant will respond only on behalf of itself, that is, The St. Louis Rams, LLC, and not on behalf of separate legal entities or individuals.

2.      Defendant objects to Plaintiff's definition of "FANS PSL Agreement" as it is used throughout these discovery requests because it includes "all documents pursuant to which a PSL Holder purchased a FANS PSL, including all exhibits, attachments, addendums, and amendments thereto."  Identifying or otherwise locating all of the documents described by this

2

definition would require a manual review of the thousands of hard copy files created for PSL purchasers.   Thus, this definition is unduly burdensome and renders any other definition or discovery request using or incorporating the definition of "FANS PSL Agreement" unduly burdensome in turn.

3.     Defendant objects to Plaintiff's definition of "MMPA" as it is used throughout these discovery requests because it purports to encompass all "corresponding regulations" to the Missouri Merchandizing Practices Act, without identifying or defining any such regulations. Ascertaining each and every regulation that might in any way "correspond" to the MMPA for the purposes of each Request for Admission ("RFA") would also be unduly burdensome. Thus, this definition is vague and ambiguous and unduly burdensome and renders any other definition or discovery request using or incorporating the definition of "MMPA" vague and ambiguous and unduly burdensome in turn.

4.     Defendant objects to Plaintiff's definition of "PSL Holder" as it is used throughout these discovery requests because it excludes anyone "in default on the terms and conditions governing the PSL."   Determining everyone who is and is not in default would require, at a minimum, a manual review of the thousands of hard copy files that house documents related to PSL purchasers.   Additionally, it would involve some information that is not in Defendant's possession, custody, or control.   Thus, this definition is unduly burdensome and renders any other definition or discovery request using or incorporating the definition of "PSL Holder" unduly burdensome in turn.

5.     Defendant objects to Plaintiff's definition of "Rams PSL Agreement" as it is used throughout these discovery requests because it includes "all documents pursuant to which a PSL Holder purchased a Rams PSL, including all exhibits, attachments, addendums, and amendments

3

thereto." Identifying or otherwise locating all of the documents described by this definition would require a manual review of the thousands of hard copy files created for PSL purchasers. Thus, this definition is unduly burdensome and renders any other definition or discovery request using or incorporating the definition of "Rams PSL Agreement" unduly burdensome in turn.

6.      Defendant objects to Plaintiff's definition of "Relocation Announcement Date" on the grounds it is vague and ambiguous because it does not adequately identify the announcement to which it refers.

7.      Defendant objects to Plaintiff's definition of "Relocation Date" to the extent it improperly assumes that the Rams physically relocated from St. Louis, Missouri, to Los Angeles, California on a single date.

8.      Defendant objects to each RFA to the extent it seeks confidential information without entry of an appropriate protective order.  In particular but without limitation, Defendant objects to production of personal identifying information regarding putative class members (including without limitation names, social security numbers, dates of birth, physical addresses, email addresses, and telephone numbers) until entry of an order protecting the confidentiality of the same.

9.      Defendant objects to each RFA to the extent it seeks information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the self-investigation privilege, the joint defense or common interest privileges, or any other applicable law.  Nothing contained in these responses is intended as, nor shall in any way be deemed, a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine.  Responding to each RFA, Defendant will not undertake to provide privileged or otherwise protected information.

4

10.     Defendant objects to the "Definitions and Instructions" section, and each RFA, to the extent they purport to impose obligations upon Defendant other than or beyond those required by the Federal Rules of Civil Procedure or any local rule.  Defendant will follow the applicable rules in responding to Plaintiff's discovery requests.

11.     Defendant objects to each RFA to the extent the response sought is overbroad, unduly burdensome, oppressive, irrelevant, not proportional to the needs of this case, and/or compliance with the request would be cost-prohibitive, impractical, and/or impossible, particularly those RFAs that seek a response that is already in the possession of Plaintiff, already known by Plaintiff, or is generally obtainable by Plaintiff from public documents.

12.     Defendant objects to each RFA to the extent it seeks information that is not within Defendant's possession, custody, or control.  Defendant objects to each RFA to the extent it prematurely seeks disclosure of (a) information relating to its contentions, opinions, and allegations, or (b) information concerning facts that have yet to be disclosed during the discovery process and that are not presently in its possession, custody or control.

13.     These General Objections are applicable to and incorporated in each of Defendant's responses below as if specifically set forth herein.  The stating of specific objections to a particular RFA shall not be construed as a waiver of Defendant's General Objections nor does the restatement of, or specific reference to, a General Objection in the response to a particular RFA waive any other General Objection.  Additionally, unless otherwise specifically stated, Defendant's objections to each RFA apply to the entire RFA.

14.     Defendant's responses to these RFAs are made subject to, and without waiving or intending to waive, any of the objections noted above, as well as:

a.  all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof in any subsequent proceeding in, or any trial of, this action or any other action or proceeding;

b.  the right to object to other discovery procedures involving or related to the subject matter of the RFAs herein responded to; and

c.  the right at any time to revise, correct, add to, or clarify any of the responses set forth herein.

## REQUESTS FOR ADMISSION

1.  To purchase season tickets for the Rams, a person had to purchase a PSL.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any particular time. Additionally, Defendant objects to this RFA as overbroad, irrelevant, and not proportional to the needs of this case. The request to admit information regarding any person that purchased season tickets is overbroad, as the classes that Plaintiff seeks to represent are limited to persons and entities that still held PSLs at the time the Rams relocated from St. Louis to Los Angeles. The information Plaintiff seeks in this RFA could encompass information pertaining to persons and entities that did not still hold PSLs at the time the Rams relocated from St. Louis to Los Angeles.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 1.

2.  To purchase a PSL, a person had to pay a license fee.

6

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any particular time.  To attempt to determine whether all persons in any instance paid a license fee to purchase a PSL would require, at a minimum, a file-by-file review of each of the thousands of hard copy files created for individual PSL holders.   Additionally, Defendant objects to this RFA as overbroad, irrelevant, and not proportional to the needs of this case.   The request to admit information regarding any person that purchased a PSL is overbroad, as the classes that Plaintiff seeks to represent are limited to persons and entities that still held PSLs at the time the Rams relocated from St. Louis to Los Angeles.   The information Plaintiff seeks in this RFA could encompass information pertaining to persons and entities that did not still hold PSLs at the time the Rams relocated from St. Louis to Los Angeles.   Moreover, this RFA requests Defendant to admit some information that is not in its possession, custody, or control, but rather may be in the possession, custody, or control of third parties, such as FANS, Inc. or PSL transferors.

Subject to and without waiving the foregoing objections or the General Objections, Defendant admits individuals or entities that purchased a PSL from the Rams paid a license fee. Defendant denies that individuals or entities that purchased PSLs from third-parties paid license fees to the Rams.

3.      Any partial payments made to purchase a PSL were applied to the license fee.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity, or any particular license fee, at any particular time.  To attempt to determine whether any partial payments made to purchase a PSL were applied to a license fee in any instance would require, at a minimum, a file-by-file

review of each of the thousands of hard copy files created for individual PSL holders. Additionally, Defendant objects to this RFA as overbroad, irrelevant, and not proportional to the needs of this case.   The request to admit information regarding "any" partial payments is overbroad, as the classes that Plaintiff seeks to represent are limited to persons and entities that still held PSLs at the time the Rams relocated from St. Louis to Los Angeles.  The information Plaintiff seeks in this RFA could encompass information pertaining to persons and entities that did not still hold PSLs at the time the Rams relocated from St. Louis to Los Angeles.  Moreover, this RFA requests Defendant to admit some information that is not in its possession, custody, or control, but rather may be in the possession, custody, or control of third parties, such as FANS, Inc. or PSL transferors.

Subject to and without waiving the foregoing objections or the General Objections, Defendant admits that license fees for PSLs could be paid in installments.   Defendant lacks sufficient knowledge or information to admit or deny whether any other payments ("partial" or otherwise) were applied to any license fee.  Defendant denies that payments made by individuals or entities purchasing PSLs from third-parties were applied to any license fee that the Rams received.


4.      The Rams sold season tickets to FANS PSL Holders for each year that the Rams played football in St. Louis, Missouri.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time.  To attempt to determine whether the Rams sold season tickets to FANS PSL Holders in each year that they played football in St. Louis Missouri would require, at a minimum, a file-by-file review

of each of the thousands of hard copy files created for individual PSL holders. Additionally, Defendant objects to this RFA as overbroad, irrelevant, and not proportional to the needs of this case. The request to admit information regarding whether the Rams sold season tickets to any FANS PSL Holders is overbroad, as the classes that Plaintiff seeks to represent are limited to persons and entities that still held PSLs at the time the Rams relocated from St. Louis to Los Angeles. The information Plaintiff seeks in this RFA could encompass information pertaining to persons and entities that did not still hold PSLs at the time the Rams relocated from St. Louis to Los Angeles. Additionally, because Plaintiff's definition of the term "PSL Holder," incorporated in the definition of "FANS PSL Holder," excludes anyone "in default of the terms and conditions governing the PSL," this RFA requests Defendant to admit some information that is not in its possession, custody, or control, but is rather in the possession, custody, or control of third parties, such as putative class members.

Subject to and without waiving the foregoing objections or the General Objections, Defendant admits that the Rams sold season tickets to some FANS PSL holders for each year that the Rams played football in St. Louis, Missouri. Defendant lacks sufficient knowledge or information to admit or deny whether the Rams sold season tickets to all FANS PSL holders for each year that the Rams played football in St. Louis, Missouri.


5.      During the Relevant Period, all FANS PSL Transferees were subject to the terms of the FANS PSL Agreement.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time. To attempt to determine whether "all" persons who acquired a FANS PSL pursuant to the transfer

9

terms of the FANS PSL Agreement were subject to the terms of the FANS PSL Agreement at any given point during an over 20-year time period would require, at a minimum, a file-by-file review of each of the thousands of hard copy files created for individual PSL holders. Additionally, Defendant objects to this RFA as overbroad, irrelevant, and not proportional to the needs of this case.  The request to admit information regarding "all FANS PSL Transferees" is overbroad, as the classes that Plaintiff seeks to represent are limited to persons and entities that still held PSLs at the time the Rams relocated from St. Louis to Los Angeles.  The information Plaintiff seeks in this RFA could encompass information pertaining to persons and entities that did not still hold PSLs at the time the Rams relocated from St. Louis to Los Angeles.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 5.


6.      During the Relevant Period, all Rams PSL Transferees were subject to the terms of the Rams PSL Agreement.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time.  To attempt to determine whether "all" persons who acquired a Rams PSL pursuant to the transfer terms of the Rams PSL Agreement were subject to the terms of the Rams PSL Agreement at any given point during an over 20-year time period would require, at a minimum, a file-by-file review of each of the thousands of hard copy files created for individual PSL holders. Additionally, Defendant objects to this RFA as overbroad, irrelevant, and not proportional to the needs of this case.  The request to admit information regarding "all Rams PSL Transferees" is overbroad, as the classes that Plaintiff seeks to represent are limited to persons and entities that

still held PSLs at the time the Rams relocated from St. Louis to Los Angeles.  The information Plaintiff seeks in this RFA could encompass information pertaining to persons and entities that did not still hold PSLs at the time the Rams relocated from St. Louis to Los Angeles.

Subject to and without waiving the foregoing objections or the General Objections, Defendant admits RFA No. 6.

7.      The Rams have paid no refund to any FANS PSL Holder based on the Relocation.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous because the phrase "based on the Relocation" is not defined and fails to describe the information requested to be admitted with reasonable particularity.  This RFA also fails to request an admission relating to any particular person or entity at any one particular time.  Additionally, because Plaintiff's definition of the term "PSL Holder," incorporated in the definition of "FANS PSL Holder," excludes anyone "in default of the terms and conditions governing the PSL," this RFA requests Defendant to admit some information that is not in its possession, custody, or control, but is rather in the possession, custody, or control of third parties, such as putative class members.

Subject to and without waiving the foregoing objections or the General Objections, Defendant admits that it has not made any refunds to PSL holders by reason of the Rams' relocation from St. Louis, Missouri to Los Angeles, California.

8.      The Rams have paid no refund to any Rams PSL Holder based on the Relocation.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous because the phrase "based on the Relocation" is not defined and fails to describe the information requested to be

11

admitted with reasonable particularity. This RFA also fails to request an admission relating to any particular person or entity at any one particular time. Additionally, because Plaintiff's definition of the term "PSL Holder," incorporated in the definition of "Rams PSL Holder," excludes anyone "in default of the terms and conditions governing the PSL," this RFA requests Defendant to admit some information that is not in its possession, custody, or control, but is rather in the possession, custody, or control of third parties, such as putative class members.

Subject to and without waiving the foregoing objections or the General Objections, Defendant admits that it has not made any refunds to PSL holders by reason of the Rams' relocation from St. Louis, Missouri to Los Angeles, California.


9.      The Rams contend that, after the Relocation, the Rams are no longer subject to the obligations or rights of the Rams PSL Agreement.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous because the RFA does not identify with particularity any obligations or rights, nor are those terms defined, and this RFA therefore fails to describe the information requested to be admitted with reasonable particularity. Defendant further objects to this RFA to the extent it seeks a legal conclusion.

Subject to and without waiving the foregoing objections or the General Objections, Defendant admits RFA No. 9.


10.     The Rams have communicated to Rams PSL Holders that, after the Relocation Date, the Rams PSL Agreement is no longer in force.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time. To

attempt to determine whether the Rams have communicated the information described in RFA No. 10 to any given Rams PSL Holder at any given point after the Rams relocated from St. Louis to Los Angeles would require an individual inquiry.  Additionally, Defendant objects to this RFA as overbroad, irrelevant, and not proportional to the needs of this case.  The request to admit information regarding any given Rams PSL Holder is overbroad, as the classes that Plaintiff seeks to represent are limited to persons and entities that still held PSLs at the time the Rams relocated from St. Louis to Los Angeles.  The information Plaintiff seeks in this RFA could encompass information pertaining to persons and entities that did not still hold PSLs at the time the Rams relocated from St. Louis to Los Angeles.  Moreover, because Plaintiff's definition of the term "PSL Holder," incorporated in the definition of "Rams PSL Holder," excludes anyone "in default of the terms and conditions governing the PSL," this RFA requests Defendant to admit some information that is not in its possession, custody, or control, but is rather in the possession, custody, or control of third parties, such as putative class members.

Subject to and without waiving the foregoing objections or the General Objections, Defendant admits that the Rams have responded to individual inquiries from some PSL holders that the PSL agreements are no longer in effect.

11.    The Rams maintain information showing the identity of all PSL Holders as of the end of the 2015 season.

**RESPONSE**: Defendant objects to this RFA because determining whether the Rams have information regarding the "identity" (as the Rams understand that term) of "all" PSL Holders as of the end of the 2015 season would require, at a minimum, a file-by-file review of each of the thousands of hard copy files created for individual PSL purchasers.  Additionally,

because Plaintiff's definition of the term "PSL Holder" excludes anyone "in default of the terms and conditions governing the PSL," this RFA requests Defendant to admit some information that is not in its possession, custody, or control, but is rather in the possession, custody, or control of third parties, such as putative class members.

Subject to and without waiving the foregoing objections or the General Objections, Defendant admits RFA No. 11.


12.     The Rams maintain information showing the PSL Holder's date of purchase and amount paid for a PSL.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity, or any particular PSL, at any particular time.  Determining whether the Rams have information regarding the date of purchase and amount paid for any given PSL at any given time would require, at a minimum, a file-by-file review of each of the thousands of hard copy files created for individual PSL purchasers. Additionally, because Plaintiff's definition of the term "PSL Holder" excludes anyone "in default of the terms and conditions governing the PSL," this RFA requests Defendant to admit some information that is not in its possession, custody, or control.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 12.


13.     The Rams maintain information showing from whom the PSL was purchased.

**RESPONSE**: Defendant objects to this RFA as vague and ambiguous because the RFA fails to define the terms "information" and "the PSL" with reasonable particularity.  Similarly, the RFA

14

fails to identify and specific PSL account or holder, or distinguish between the Rams PSLs and Fans PSL.

To attempt to determine whether the Defendant possesses information identifying the party purchasing all PSLs during an over 20-year time period would require, at a minimum, a file-by-file review of each of the thousands of hard copy files created for individual PSL holders. Additionally, Defendant objects to this RFA as overbroad, irrelevant, and not proportional to the needs of this case. The request to admit information regarding all PSLs is overbroad, as the classes that Plaintiff seeks to represent are limited to persons and entities that still held PSLs at the time the Rams relocated from St. Louis to Los Angeles. The information Plaintiff seeks in this RFA could encompass information pertaining to persons and entities that did not still hold PSLs at the time the Rams relocated from St. Louis to Los Angeles

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 13.


14.     Whether certain provisions of the FANS PSL Agreement and/or the Rams PSL Agreement render the agreements illusory is a question that is common to Plaintiff and the putative class members.

**RESPONSE**: Defendant objects on the grounds the request calls for a legal conclusion and is not a statement of fact subject to admission or denial under Federal Rule of Civil Procedure 36. Defendant objects on the ground the request incorrectly implies that FANS, Inc. and the Rams are, or were, affiliated. Defendant objects on the ground the request calls for a legal conclusion. Defendant object that the request is vague and ambiguous in that it fails to define or identify the "certain provisions" within the PSLs Plaintiff alleges render the agreements

illusory.  Defendant further objects on the ground that the request is premature given the absence of meaningful discovery, including discovery related to the presence or absence of potential claims by putative class members, and potential defenses thereto.  Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 14.


15.     Whether the Rams are obligated to provide a refund to FANS PSL Holders is a question that is common to Plaintiff and the putative class members.

**RESPONSE**: Defendant objects on the grounds the request calls for a legal conclusion and is not a statement of fact subject to admission or denial under Federal Rule of Civil Procedure 36.  Defendant further objects on the ground that the request is premature given the absence of meaningful discovery, including discovery related to the presence or absence of potential claims by putative class members, and potential defenses thereto.  Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 15.


16.     Whether the Rams are obligated to provide a refund to Rams PSL Holders is a question that is common to Plaintiff and the putative class members.

16

**RESPONSE**: Defendant objects on the grounds the request calls for a legal conclusion and is not a statement of fact subject to admission or denial under Federal Rule of Civil Procedure 36. Defendant further objects on the ground that the request is premature given the absence of meaningful discovery, including discovery related to the presence or absence of potential claims by putative class members, and potential defenses thereto. Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 16.


17.     Whether the Rams conduct towards PSL Holders following the Relocation violated the duty of good faith and fair dealing is a question that is common to Plaintiff and the putative class members.

**RESPONSE**: Defendant objects on the grounds the request calls for a legal conclusion and is not a statement of fact subject to admission or denial under Federal Rule of Civil Procedure 36. Defendant objects to the request as vague and ambiguous in that it fails to define "conduct towards" or "following Relocation" fails to reasonably identify any factual matter subject to admission or denial under Federal Rule of Civil Procedure 36. Defendant further objects on the ground that the request is premature given the absence of meaningful discovery, including discovery related to the presence or absence of potential claims by putative class members, and potential defenses thereto. Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 17.

18.    Whether the Rams' conduct in failing to provide refunds to PSL Holders constitutes an "unethical, oppressive or unscrupulous" practice or "presents a risk of, or causes, substantial injury to consumers" in violation of the MMPA is a question that is common to Plaintiff and the putative subclass members.

**RESPONSE**: Defendant objects on the grounds the request calls for a legal conclusion and is not a statement of fact subject to admission or denial under Federal Rule of Civil Procedure 36. Defendant objects to the form of the request in that it is compound and vague and ambiguous in that it improperly defined "MMPA" and fails to provide proper citation to or copies of any document, statute, or regulation from which the request purports to quote. Defendant objects to the form of the request in that the use of the word "failing" incorrectly assumes or implies Defendant had any duty to act. Defendant further objects on the ground that the request is premature given the absence of meaningful discovery, including discovery related to the presence or absence of potential claims by putative class members, and potential defenses thereto. Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 18.

19.    Whether the Rams' conduct in failing to provide refunds to PSL Holders "violate[s] the duty of good faith in solicitation, negotiation and performance," or constitutes a

failure to act in good faith "in any manner" in connection with the sale of merchandise, in violation of the MMPA is a question that is common to Plaintiff and the putative subclass members.

**RESPONSE**: Defendant objects on the grounds the request calls for a legal conclusion and is not a statement of fact subject to admission or denial under Federal Rule of Civil Procedure 36. Defendant objects to the form of the request in that it is compound and vague and ambiguous in that it improperly defined "MMPA" and fails to provide proper citation to or copies of any document, statute, or regulation from which the request purports to quote. Defendant objects to the form of the request in that the use of the word "failing" incorrectly assumes or implies Defendant had any duty to act. Defendant further objects on the ground that the request is premature given the absence of meaningful discovery, including discovery related to the presence or absence of potential claims by putative class members, and potential defenses thereto. Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 19.


20.     Whether the Rams' conduct in failing to provide refunds to PSL Holders constitutes a "unilateral breach [of] unambiguous provisions of consumer contracts" in violation of the MMPA is a question that is common to Plaintiff and the putative subclass members.

**RESPONSE**: Defendant objects on the grounds the request calls for a legal conclusion and is not a statement of fact subject to admission or denial under Federal Rule of Civil Procedure 36. Defendant objects to the form of the request in that it is compound and vague and

19

ambiguous in that it improperly defined "MMPA" and fails to provide proper citation to or copies of any document, statute, or regulation from which the request purports to quote. Defendant objects to the form of the request in that the use of the word "failing" incorrectly assumes or implies Defendant had any duty to act.  Defendant further objects on the ground that the request is premature given the absence of meaningful discovery, including discovery related to the presence or absence of potential claims by putative class members, and potential defenses thereto.  Defendant objects to this RFA as vague and ambiguous, because it fails to request an admission relating to any particular person or entity at any one particular time

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 20.


21.    Plaintiff will fairly and adequately represent and protect the interests of the members of the putative classes.

**RESPONSE**: Defendant objects to the RFA on the grounds that it is vague and ambiguous, and irrelevant.   Defendant objects on the ground the request calls for a legal conclusion.   Defendant objects on the ground that Plaintiff's conclusion regarding how he expects to represent putative class members in the future is not a statement of existing fact subject to admission or denial under the Federal Rule of Civil Procedure 36.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 21.


22.    Plaintiff has no claims antagonistic to those of the putative classes.

**RESPONSE**: Defendant objects on the ground the request calls for a legal conclusion. Defendant further objects on the ground that Plaintiff's request is vague and ambiguous in that it does not define "antagonistic" or "claims." Defendant further objects on the ground that the request is premature given the absence of meaningful discovery, including discovery related to the presence or absence of potential claims by putative class members, and potential defenses thereto.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 22.

23.     Plaintiff has retained competent and experienced counsel in class actions.

**RESPONSE**:   Plaintiff's request is vague and ambiguous in it does not define "competent" or "experienced" or provide sufficient facts or information from which Defendant may assess the qualifications of counsel regarding class actions.  Defendant objects on the ground that the subject matter of the request is not a proper subject for a Request for Admission under Federal Rule of Civil Procedure 36 in that the competence and experience of opposing counsel, as Defendant understands those terms, is not a matter within the scope of Federal Rule of Civil Procedure 26(b)(1).  Defendant objects on the ground the request calls for a legal conclusion.

24.     The Rams have acted and/or refused to act on grounds generally applicable to Plaintiff and the putative class members.

**RESPONSE**: Defendant objects on the ground the request is vague and ambiguous in that it fails to define or identify any act it alleges Defendant performed, or declined to perform,

which is related to any claims and defenses at issue.   Similarly, the request is vague and ambiguous in its use of the undefined term "grounds."  Defendant further objects on the ground that the request is premature given the absence of meaningful discovery, including discovery related to the presence or absence of potential claims by putative class members, and potential defenses thereto.

Subject to and without waiving the foregoing objections or the General Objections, Defendant denies RFA No. 24.

Dated: April 5, 2017

DENTONS US LLP

By:    */s/ Roger K. Heidenreich*
       Roger K. Heidenreich, #40898MO
       Elizabeth T. Ferrick, #52241MO
       Amy E. Sestric, #66219MO
       One Metropolitan Square, Suite 3000
       St. Louis, Missouri 63102
       Telephone: (314) 241-1800
       Facsimile:  (314) 259-5959
       roger.heidenreich@dentons.com
       elizabeth.ferrick@dentons.com
       amy.sestric@dentons.com

       *and*

       Anders C. Wick, *admitted pro hac vice*
       233 South Wacker Drive, Suite 5900
       Chicago, Illinois 60606
       Telephone: (312) 876-8000
       Facsimile: (312) 876-7934
       anders.wick@dentons.com

       *Attorneys for Defendant The St. Louis Rams, LLC*

## VERIFICATION

I, ___Steven Moore___, for The St. Louis Rams, LLC (the "Rams"), state that the foregoing answers to Plaintiff's Requests for Admission were compiled by employees of the Rams in the State of California and are based on the personal knowledge of those employees and a review of documents maintained by the Rams in the ordinary course of business.

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: ___5 - 4___, 2017

___Steven Moore___

24

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2017 the foregoing document was served via electronic and U.S. Mail, postage prepaid, upon the following:

Richard S. Cornfeld
LAW OFFICE OF RICHARD S. CORNFELD
1010 Market Street, Suite 1720
St. Louis, Missouri 63101
rcornfeld@cornfeldlegal.com

Anthony S. Bruning
Anthony S. Bruning, Jr.
Ryan L. Bruning
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

Mark Goldberg
Thomas P. Rosenfeld
Kevin P. Green
GOLDENBERG HELLER
& ANTOGNOLI, P.C.
2227 South State Route 157
Edwardsville, Illinois 62025
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

*Attorneys for Plaintiff Ronald McAllister*

*/s/ Amy E. Sestric*