IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONALD McALLISTER, et al.                )
                                         )
            Plaintiffs,                  )    No. 4:16-CV-00172 SNLJ
                                         )    No. 4:16-CV-00262
     v.                                  )    No. 4:16-CV-00297
                                         )    No. 4:16-CV-00189
THE ST. LOUIS RAMS, LLC,                 )    CONSOLIDATED
                                         )
            Defendant.                   )

## AFFIDAVIT

COME now the Pudlowski Plaintiffs and file their Affidavit in Support of Plaintiffs' Motion for Reconsideration and Motion to Remand. Affiant Steven J. Stolze is over the age of twenty-one, is competent to make this affidavit, and states upon personal knowledge the following:

1. On December 15, 2016 this Court Granted in part Plaintiffs' Motion to Reconsider the denial of their Motion to Remand (Doc. #66) stating:

> "Even though it appears to the Court that there is a great likelihood that more than two-thirds of the plaintiffs' class consists of Missouri citizens, out of an abundance of caution, the Court will allow limited discovery for the purpose of obtaining a more statistically significant sample than the ad-hoc analysis performed by plaintiff's counsel."

This Court also cited the Eighth Circuit as follows:

> "plaintiffs may take a random sample of potential class members, ascertain citizenship of each on the date the case was removed, and extrapolate to the class as a whole. If the sample yields a lopsided result, the outcome is clear without the need for more evidence. If the result is close to the statutory two-thirds line, then do more sampling and hire a statistician to ensure that the larger sample produces a reliable result." citing *Hood v. Gilster Mary-Lee*, 785 F 3d 263, 266 (8th Cir. 2015) quoting *Myrick v. Wellpoint*, 764 F 3d 662, 665 (7th Cir. 2014).

2. Plaintiffs have completed their statistical analysis of the citizenship of the class. Plaintiffs have determined to more than a reasonable degree of statistical certainty that 86% percent of the

proposed class are Missouri citizens.

3. Attached as Exhibit A and incorporated herein by reference, is the report of Dr. Charles Cowan. Dr. Cowan has a Ph.D. in Mathematical Statistics from George Washington University and is a Professor of Statistics at the University of Alabama-Birmingham. Dr. Cowan was formerly Chief Statistician for the FDIC and the National Center for Education Statistics, United States Department of Education. He was also the Chief of the Survey Design Branch, Statistical Methods Division for the U.S. Census Bureau.

4. Dr. Cowan has conducted a survey in this case. He took a random sample of potential class members and ascertained their citizenship. Citizenship means domicile, which is where the person (1) resides and (2) intends to remain. (See Myrick v. Wellpoint at 664). Dr. Cowan's survey asked putative class members whether they made a relevant purchase from Defendants during the class period, whether they resided in the State of Missouri when they made their purchase and continued to reside in Missouri throughout the time the case was filed, and whether they intended to continue to live in the State of Missouri, thus establishing citizenship. He received 107 responses to his survey of putative class members and determined that 93 were Missouri citizens. This equated to 86.7% Missouri citizenship. He determined this was a random and statistically significant sample. This alone is sufficient to satisfy Plaintiffs' burden of establishing the local controversy exception and mandate remand. (See Myrick v. Wellpoint, at 665 wherein the 7th Circuit notes that if a sample of 100 putative plaintiffs yields a clear result the analysis is over). Dr. Cowan then used auxiliary data to further confirm these results. He confirmed that census data for the State of Missouri during the relevant time period shows that annual move-out rates are approximately 2.66%. Applying this move-out rate to the 5 plus year class period shows that the surveyed class members moved out of the State at virtually the same

rate as the population as a whole as determined by the census, or about 15% over the relevant class period. This data further confirmed his survey results that class members have moved out of the State at a rate of 14%, and have not moved out of the State nor intended to move out of the State at a rate of greater than 33.3%. He also correlated the responses he received in his survey to non-respondents by comparing data received from respondents with known data for non-respondents. This comparison also resulted in a Missouri citizenship rate of 86%.

4. Dr. Cowan has concluded:

"It is my professional opinion that the survey results presented here provide a reliable and scientifically sound resolution to the jurisdictional status controversy. Careful considerations in the construction of the sampling frame, in the sampling and in dealing with non-response have ensured that estimates are reliable for extrapolation to the population of class members. Findings from Census data, survey results and Missouri residency verification are consistent in their support of a greater than two-thirds citizenship among proposed class members. Sample results are statically significant. I estimate that the true proportion of Missouri citizens to be 86%, and between 79.4% and 92.5% with 95% certainty." (Exhibit A at 21).

WHEREFORE, Plaintiffs request that this Court remand this case to the Twenty-Second Judicial Circuit for the State of Missouri.

FURTHER AFFIANT SAYETH NOT.

_____
STEVEN J. STOLZE

STATE OF ____Missouri____ )
                          ) ss.
COUNTY OF____Saint Louis____ )

> DAVID CARTIER
> Notary Public-Notary Seal
> State of Missouri, St Louis County
> Commission # 14632116
> My Commission Expires Dec 16, 2018

Subscribed and Sworn to before me, this ___5___ day of June, 2017.

_____
Notary Public

My Commission Expires: ___12/16/18___