UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-172 SNLJ |
| | ) | No. 4:16-CV-262 |
| | ) | No. 4:16-CV-297 |
| THE ST. LOUIS RAMS, LLC, | ) | CONSOLIDATED |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This complicated matter involves three consolidated lawsuits[1] relating to the St. Louis Rams football team's January 2016 decision to move the team to Inglewood, California. On July 17, 2017, the Rams filed a third party complaint against the Regional Convention and Visitors Commission ("CVC"). The Rams claim they have an express contractual indemnification right against the CVC for claims arising out of the CVC's operations, function, and obligations, including with respect to Personal Seat Licenses ("PSLs") sold by an entity known as FANS, Inc.

This Court stayed the litigation between the Rams and the CVC pursuant to the Federal Arbitration Act ("FAA") requirement that the Court stay "any suit…upon any issue referable to arbitration." 9 U.S.C. § 3; *see* #180 at 2. The Court granted the Rams' motion to compel arbitration against the CVC on November 17, 2017.

Discovery has been ongoing among the parties to the not-stayed aspects of this case. On December 11, 2017, the Rams filed a Joint Motion to Amend Case

---

[1] *McAllister v. The St. Louis Rams*, No. 4:16-CV-172 SNLJ (E.D. Mo.); *Envision, LLC, et al. v. The St. Louis Rams, LLC*, No. 4:16-CV-00262-CDP (E.D. Mo.); *Arnold, et al. v. The St. Louis Rams, LLC*, No. 4:16-cv-00297-SNLJ (E.D. Mo.).

1

Management Order and stated their intention to conduct discovery that would "support the Rams' defenses that PSL revenue received by the CVC (or FANS, Inc. on the CVC's behalf) was retained" by the CVC. (#284 ¶ 4.) The Rams further stated that the Arbitration with the CVC would "involve discovery that could substantially overlap with the discovery that could be taken" in this lawsuit. (#284 ¶ 4.) Currently, a Rule 30(b)(6) deposition has been scheduled for a Rams representative on January 23, 2018 in Los Angeles. One of the specific topics is "Transition from Fans, Inc. to Rams for selling PSLs…" according to the deposition notice.

The CVC has thus filed a motion to allow it to participate in future depositions in this lawsuit without waiving its rights to engage in further depositions in the Arbitration (#299). The CVC's position is that it "will not claim that its participation in discovery… means that the Rams have…waived… their position that arbitration is required, and that the CVC will not initiate discovery requests but will be allowed to participate in depositions, given that the Rams have stated their intention to develop evidence against the CVC." (#299 ¶ 4.) The CVC also filed a motion to expedite ruling. (#310.)

The Rams oppose the motion to participate in discovery in light of the fact that proceedings between the Rams and the CVC have been stayed as required by the FAA. Critically, the Rams point out that only the arbitrators can determine the scope of discovery related to the claims against the CVC, and the parties have not even selected an arbitration panel. The Rams also assert that the CVC's liability in this matter is a defense in the litigation between the Rams and plaintiff McAllister. The Rams also observe that the CVC will not be prejudiced by being refused the opportunity to participate (i.e., ask questions) during the impending deposition(s) because the CVC will have an opportunity to develop its own defenses as part of discovery within the arbitration.

The Rams cite several cases in support of their position that discovery is inappropriate in a matter that has been stayed. *See Corpman v. Prudential-Bache Sec., Inc.*, 907 F.2d 29, 31 (3d Cir. 1990) (district court committed reversible error by permitting discovery in dispute that had been stayed under the Federal Arbitration Act); *Suarez-Valdez v. Shearson Lehman/Am. Exp., Inc.*, 858 F.2d 648, 649 (11th Cir. 1988) (district court committed reversible error by refusing to stay discovery pending arbitration); *Owens v. Trans Union LLC*, No. 16-2382-JWL, 2016 WL 5466387, at *1 (D. Kan. Sept. 29, 2016) (denying plaintiff's request to conduct discovery to aid in mediation because mandatory stay pending arbitration encompassed discovery and every other part of the litigation process); *Visa USA, Inc. v. Maritz Inc.*, No. C 07-055852 JSW, 2008 WL 744832, at *6 (N.D. Cal. Mar. 18, 2002) ("[B]ecause the Court has determined that arbitration is the correct forum to resolve arbitrability, the Court finds that Maritz's request for additional discovery is improper and DENIES it as well."); *RLA Mktg., Inc. v. WHAM-O, Inc.*, No. 04-3442(HAA), 2007 WL 766351, at *7 (D.N.J. Mar. 7, 2007) (discovery is improper in matter that has been stayed pending arbitration).

"Allowing discovery to proceed on the underlying claim during a stay is within the court's discretion, but such discretion should be exercised only upon a showing of 'extraordinary circumstances.'" *Harry F. Ortlip Co. v. George Hyman Const. Co.*, 126 F.R.D. 494, 497 (E.D. Pa. 1989); *see also Advocat Inc. v. Blanchard*, 4:11CV00895 JLH, 2012 WL 1893735, at *5 (E.D. Ark. May 24, 2012). The Court acknowledges that the typical case --- such as those cited by the Rams --- may not contemplate circumstances in which Party A is subject to a stay in its litigation with Party B but is not subject to a stay in its litigation with Party C. Such a situation allows Party A to proceed with discovery that may be relevant to its claims against Party B while Party B must sit on the sidelines.

However, because here the CVC agreed to arbitration and all of its appurtenant circumstances, this is a situation to which CVC has consented. Further, no extraordinary circumstances are present --- such as "where a vessel with crew members possessing particular knowledge of the dispute is about to leave port, or where there is a special need for information which will be lost if action is not taken immediately." *Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 479 (4th Cir. 1999). Some courts have acknowledged that, "[w]hatever hardship may be caused to the plaintiff if he obtains less discovery in arbitration than would be available in this court, he accepted the risk of being placed in that position when he accepted the arbitration clause in the Agreement." *Levin v. Ripple Twist Mills, Inc.*, 416 F. Supp. 876, 880 (E.D. Pa. 1976), *dismissed*, 549 F.2d 795 (3d Cir. 1977).

The CVC and the Rams will participate in discovery through the arbitration to which they agreed. Although the CVC may not participate in the discovery occurring between plaintiffs and the Rams, the Rams have invited CVC's attorneys to attend and observe the deposition(s) without actually participating, further curtailing any prejudice perceived by the CVC. The CVC's motion to participate in discovery is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the CVC's motion to participate in discovery (#299) is DENIED.

**IT IS FURTHER ORDERED** that the CVC's motion to expedite ruling (#310) is GRANTED.

Dated this  19th  day of January, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE