UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-172 SNLJ |
| | ) | No. 4:16-CV-262 |
| | ) | No. 4:16-CV-297 |
| THE ST. LOUIS RAMS, LLC, | ) | CONSOLIDATED |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

E. Stanley Kroenke is the owner of the Rams football team. In this consolidated lawsuit against the Rams related to the team's January 2016 decision to move to California, one group of plaintiffs, led by Richard Arnold, sought to depose Mr. Kroenke on December 21, 2017. In particular, the Arnold plaintiffs maintain they are entitled to acquire season tickets for games played at the Rams' current and future stadiums in Los Angeles, California, pursuant to the "personal seat licenses," or PSLs, sold by the Rams during or following 1995.

The Rams objected to Mr. Kroenke's deposition because depositions of senior or "apex" level executives are sometimes brought for the purposes of harassment only. Thus, a party seeking such a deposition must show "(1) the executive has unique or special knowledge of the facts at issue, and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Gladue v. Saint Francis Med. Ctr.*, 1:13-CV-00186-CEJ, 2014 WL 7205153, at *1 (E.D. Mo. Dec. 17, 2014) (quoting *Ingersoll v. Farmland Foods, Inc.*, No. 10–6046–CV–SJ–FJG, 2011 WL 1131129, at *7 (W.D. Mo. Mar. 28, 2011)); *see also Miscellaneous Docket Matter No. 1 v.*

*Miscellaneous Docket Matter No. 2*, 197 F.3d 922 (8th Cir. 1999); *Bank of the Ozarks v. Capital Mortgage Corp.*, No. 4:12–MC–00021 KGB, 2012 WL 2930479, at *1 (E.D. Ark. July 18, 2012).

Plaintiffs' counsel explained to defense counsel that the deposition was being noticed as a "marker" due to the then-pending discovery cutoff date. Plaintiffs' counsel explained also that they might not ever take Mr. Kroenke's deposition and instead might potentially obtain the information from other sources, including Rams COO Kevin Demoff, and an entity known as "Legends." However, plaintiffs contend that they expected and invited defendants to file a motion for a protective order. The protective order was not filed when plaintiffs believed it should have been filed, and thus plaintiffs filed their motion to compel the deposition testimony of Mr. Kroenke. Plaintiffs also ask for sanctions against defendants for Kroenke's failure to appear at his deposition and the defendants' failure to seek a protective order regarding the deposition.

First, with respect to the timing of the protective order, the Court acknowledges that the parties had numerous balls in the air at the time they were discussing the depositions and related discovery issues. Numerous emails and phone calls took place among counsel. Ultimately the Court finds that defendants did not unreasonably delay the filing of their motion for protective order because there was some chance the plaintiffs would not seek Kroenke's deposition. Moreover, plaintiffs' counsel explicitly acknowledged his agreement to postpone Kroenke's and other depositions until after the holidays.

With respect to the substance of the parties' motions, plaintiffs maintain that they still require Mr. Kroenke's deposition because Mr. Demoff testified in his deposition that he and Kroenke will decide the Los Angeles Rams PSL pricing scheme, and, if there is a dispute between the two, Kroenke's position will trump that of Demoff. Plaintiffs say that Kroenke therefore has "unique knowledge" about the PSL pricing because Kroenke's opinion is the only one that matters. Plaintiffs also point out that Kroenke played a prominent and outspoken role in moving the Rams from St. Louis to Los Angeles and that "a jury should hear from him about his reasons for moving and judge their credibility." (#315 at 5.) Plaintiffs argue that they did their best to minimize impact on Kroenke by noticing up his deposition after Demoff's and two non-party witnesses.

The Rams counter that Demoff actually testified that decisions regarding pricing had not yet been made and that no decisions would be made until sometime after the 2018 Superbowl (which occurred on February 4). The Rams also say that nothing in Demoff's deposition suggests that Kroenke "will ever have any information [that was] not given to him by Demoff or Legends." (#317 at 4.) Even though Kroenke will have the final say regarding pricing, Demoff and Legends are apparently primarily responsible for putting together the pricing information. Moreover, Legends' representatives have not yet been deposed. Thus, the Rams contend Kroenke currently has no relevant unique information to share, and it is too early to tell whether Kroenke ever will have unique information --- that is, information not otherwise available through Demoff or others in the organization. The Rams do concede that "the only relevant event plaintiffs can identify that would provide an arguable basis for Mr. Kroenke's deposition --- a disagreement with Legends and Mr. Demoff --- has yet to occur and there has been no indication it ever will occur." (#317 at 5.) If that disagreement should occur, the Rams

3

note that the plaintiffs could then seek an additional representative deposition on the topic and determine then if there is additional information requiring deposition testimony from Mr. Kroenke.

The Court agrees that the plaintiffs have not at this time made a showing that they require deposition testimony from the Rams' owner. Pricing decisions have not yet been made, so we do not yet know whether Kroenke's opinion differs from Demoff's or Legends'. As for Kroenke's role in moving the Rams to Los Angeles, the plaintiffs do not explain how that is relevant to their case, which is predicated on written agreements with which Kroenke played no role. No part of plaintiffs' claims relates to why the Rams moved, so there is no need for discovery on that issue.

The Court finds that plaintiffs have not supported their need for the deposition of Kroenke's "apex" deposition. Their motion to compel will be denied without prejudice. Defendants' motion for a protective order will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Arnold plaintiffs' second motion to compel (#311) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that defendants' motion for protective order (#313) is GRANTED.

Dated this __14th__ day of February, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE