UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD MCALLISTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-172 SNLJ |
| ) | No. 4:16-CV-262 |
| ) | No. 4:16-CV-297 |
| THE ST. LOUIS RAMS, LLC, ) | CONSOLIDATED |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Ronald McAllister's motion to dismiss the St. Louis Rams, LLC's counterclaim. Plaintiff McAllister filed a lawsuit against the Rams after the Rams announced they would move from St. Louis to California in January 2016. Plaintiff held a Personal Seat License ("PSL") that entitled him to buy season tickets to the Rams' home games in St. Louis. He claims, among other things, that the Rams terminated the PSL Agreement by moving to California and that the Rams therefore owe him a refund.

The Rams have filed a third party complaint against the Regional Convention and Visitors Commission (the "CVC") for contractual indemnification for claims arising out of the CVC's operations, functions, and obligations, including with respect to the FANS PSLs. In order to preserve their rights under certain agreements between various parties, the Rams filed that third party complaint against the CVC along with a counterclaim against plaintiff McAllister. (#149.) Count I of the of the combined counterclaim and third party complaint seeks declaratory relief against McAllister and the CVC that any claims that McAllister may have in connection with the FANS PSLs are liabilities of

1

FANS and the CVC only and that McAllister has no claim against the Rams. Counts II and III --- which are not addressed to McAllister --- seek contractual and equitable indemnification from the CVC for any liability the Rams may have to Mr. McAllister, as well as for the Rams' costs in defending the claims. Those Counts against the CVC has been referred to arbitration as required by the contracts between the Rams and the CVC.

McAllister has moved to dismiss the Rams' counterclaim against him. The analysis is complicated because McAllister has filed no claims against FANS, Inc. or the CVC, but only against the Rams.

**I.      Legal Standard**

Plaintiff moves to discuss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The standard applicable to a motion under Rule 12(b)(1) is the same as that applied to Rule 12(b)(6). *Se. Missouri Hosp. v. C.R. Bard, Inc.*, 1:07CV0031 TCM, 2008 WL 4104534, at *2 (E.D. Mo. Aug. 27, 2008). The Court accepts as true all factual allegations in the complaint. *Id.* Dismissal is inappropriate unless the complaint fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

**II.      Discussion**

The Rams' counterclaim's Count I seeks the following: a stay[1] of the proceedings between the Rams and McAllister pending the arbitration between the Rams and the CVC; confirmation of the arbitration; and a declaration that (1) FANS was acting on its own behalf and as agent for the CVC in selling PSLs, (2) the Rams have not succeeded to

---

[1] Plaintiff argues that the Rams' request for a stay as part of their Count I relief should be dismissed. Because the Rams' request for stay of McAllister's case has already been denied (#190), however, the Court denies this request as moot.

2

the obligations or liabilities of FANS or the CVC under the FANS PSL Agreement, (3) the Rams have no further obligations with respect to the FANS PSLs following their move to Los Angeles, and (4) to the extent any refund is due to plaintiff, it is due from the CVC and not the Rams.  Plaintiff's arguments for dismissal are discussed in turn below.

### A.    Declaratory Judgment Concerning Arbitration

The Rams seek an order confirming the results of the arbitration between the Rams and the CVC.  McAllister argues that because he has nothing to do with the arbitration, the Court should dismiss the claim as it is pleaded against him.  Indeed, the Rams concede that if the arbitration concludes before this case, they will seek to have the arbitration award confirmed in their favor against the CVC.  (#234 at 9-10.)  Thus the counterclaim seeking confirmation of the arbitration award as against McAllister shall be dismissed.

### B.    Declarations that are Duplicative of Allegations in Answer

Next, plaintiff argues that the Rams' counterclaim merely repeats allegations that the Rams made in their Answer --- that FANS was not their agent, that the Rams did not succeed to the obligations of the licensor under the FANS PSL Agreement, and that the Rams have no obligation to FANS PSL owners.  Plaintiff points out that the Rams will have their contentions fully adjudicated because they placed them at issue in their Answer, so they are duplicative, serve no useful purpose, and should be dismissed.  (#212 at 14, citing *Stokes v. Dish Network, L.L.C.*, 2015 WL 3968153, at *11 (W.D. Mo. June 30, 2015) and *Padberg v. DISH Network LLC*, 2012 WL 2120765, at *6 (W.D. Mo. June 11, 2012).)

3

The Court agrees that these aspects of the Rams' prayer for relief are merely defenses already raised in their answer to the McAllister complaint.  To the extent the Rams seeks broader relief against McAllister than McAllister seeks against the Rams, this Court has already determined that McAllister is limited to the relief as discussed in this Court's memorandum and order granting class certification.  (#355 at 21-22.)

Ultimately, the Court finds that the declaratory judgment sought by the Rams serves no useful purpose.  The Court thus uses its discretion to dismiss the Counterclaim against McAllister brought by the Rams.  *See, e.g., Cincinnati Indem. Co. v. A & K Const. Co.*, 542 F.3d 623, 625 (8th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Ronald McAllister's motion to dismiss counterclaim (#211) is GRANTED.

Dated this   23rd   day of March, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

4