UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-172 SNLJ |
| | ) | No. 4:16-CV-262 |
| | ) | No. 4:16-CV-297 |
| THE ST. LOUIS RAMS, LLC, | ) | |
| | ) | CONSOLIDATED |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Richard Arnold's third motion to compel defendant The St. Louis Rams, LLC to produce documents pertaining to the pricing of Personal Seat Licenses ("PSLs") at the Rams' new stadium in California (#321).

The Court has used plaintiff Arnold's subheadings in addressing the various components of plaintiff's motion.

**I.     Privilege Log**

Plaintiff questioned two documents on the Rams' privilege log because the documents had been sent to a non-lawyer.  After the motion to compel was filed, the Rams produced the two documents and did not respond to the issue in its response memorandum.  Arnold complains that one document included an attachment, a September 2016 "Original Design v. Proposed Change" document that includes an eight-page section entitled "PSL Inventory & Potential Pricing," which Arnold says should never have been withheld because there was no independent basis for invoking the privilege.  Plaintiff asks for an order requiring the Rams to review the attachments in

1

their privilege logs for responsiveness and also supplement the logs with a detailed description of the attachments. Plaintiff's request is granted.

## II. Interrogatory I

Interrogatory I concerns the number of persons on the Rams' PSL deposit list. Plaintiff asserts that the interrogatory gauges real-world interest in LA PSLs based on how many persons placed PSL deposits. The Rams do not clearly address this interrogatory in their response memorandum. The interrogatory appears proper, and the Rams shall answer the interrogatory.

## III. Requests for Production

### A. RFPs 3, 4, 5, 7, and 8

These requests concern LA PSL pricing and market demand. The Rams opine that they have produced all responsive documents at least in part because, one day before filing their response memorandum to the instant motion to compel, they produced documents pertaining to the 2017 pricing analysis conducted by the Rams' pricing consultant ("Legends"). Plaintiff objects to the belated production of these documents because they were produced after a critical deposition during which the 2017 pricing analysis was discussed. Plaintiff asks for an order requiring the Rams to produce that deponent (Rams Chief Operating Officer Kevin Demoff) in St. Louis for re-deposition. Plaintiff also notes that the Rams have not produced correspondence concerning the 2017 survey or an executive summary to the 2017 study. Plaintiff thus asks for an order requiring the Rams to produce all responsive documents including the most current (and subsequent) Legends pricing recommendations, final surveys of 2016 and 2017, correspondence concerning the 2017 survey, and the 2017 executive summary. Plaintiff's requests with respect to these matters is granted.

**B.     RFP 9**

This request seeks the agreement between the Rams and an entity known as LA Fan Club, Inc., which was apparently created by the Rams to effectuate PSL sales. The Rams contend that plaintiff failed to meet and confer with them regarding this request in violation of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-3.04(a). Plaintiff does not refute that contention. The Court therefor will not address the motion with respect to this request.

**C.     RFP 16**

Arnold withdrew his motion to compel with respect to this request.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Richard Arnold's motion to compel (#321) is GRANTED in part and DENIED in part as provided herein.


Dated this __12th__ day of April, 2018.


_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE