UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD MCALLISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-172 SNLJ |
| | ) | No. 4:16-CV-262 |
| | ) | No. 4:16-CV-297 |
| THE ST. LOUIS RAMS, LLC, | ) | |
| | ) | CONSOLIDATED |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This Court certified two class definitions in this consolidated matter[1] on March 13, 2018. The *McAllister* plaintiff seeks to amend the class certification order (#367). The Rams oppose the motion.

The FANS Class[2] of PSL holders, represented by plaintiff McAllister, was defined as follows:

> **FANS Class**. All persons or entities who, at the conclusion of the 2015 season, owned a PSL purchased from Fans, Inc. that was not later transferred or upgraded.

(#355 at 22.) That definition was only slightly altered from the definition McAllister had proposed, which was as follows:

> **FANS Class**. All persons or entities who, at the conclusion of the 2015 season, owned a PSL purchased from Fans, Inc.

---

[1] *McAllister v. The St. Louis Rams*, No. 4:16-CV-172 SNLJ (E.D. Mo.) ("*McAllister*"); *Envision, LLC, et al. v. The St. Louis Rams, LLC*, No. 4:16-CV-00262-CDP (E.D. Mo.) ("*Envision*"); and *Arnold, et al. v. The St. Louis Rams, LLC*, No. 4:16-cv-00297-SNLJ (E.D. Mo.) ("*Arnold*").

[2] The FANS and Rams Classes include subclasses that are not addressed by McAllister's motion or this order.

1

This Court defined the Rams Class of PSL holders as

> **Rams Class:**
> A) All persons or entities who:
>     1) purchased PSLs directly from the Rams; or
>     2) had any Rams or FANS PSL transferred to them; or
>     3 upgraded their PSL tier; and
>
> B) purchased Rams season tickets through their PSLs for the 2015 season; or
>
> C) did not purchase Rams season tickets for the 2015 season but did not receive a PSL cancellation notice from the Rams.

That definition is the same definition that was proposed by the *Arnold* plaintiffs. Plaintiff McAllister seeks to have his FANS Class definition parallel the Rams Class definition by adding the italicized language to the definition shown below:

> **FANS Class.** All persons or entities who, at the conclusion of the 2015 season, owned a PSL purchased from Fans, Inc. that was not later transferred or upgraded *and who (a) had purchased Rams season tickets through their PSLs for the 2015 season or (b) did not purchase Rams season tickets for the 2015 season but did not receive a PSL cancellation notice from the Rams.*

(#367 at 2.) The Rams oppose this addition to the FANS Class definition. They say McAllister is improperly attempting to enlarge the size of the class. The Rams would apparently like to argue, with respect to FANS PSL holders, that if a given PSL holder did not buy 2015 season tickets, then that PSL holder cannot be a member of the FANS Class. The FANS and Rams PSL contracts are the same with respect to the effect of a PSL holder's failure to purchase season tickets. Although the failure to purchase tickets constitutes a default under the contract, if a PSL holder defaults, "at the sole option of the Licensor, … this Agreement may be terminated." (FANS Agreement ¶ 5.) The *Arnold* plaintiffs thus included in their definition that, even in the event that a PSL holder failed

to purchase season tickets, the PSL holder is a member of the class unless he received a cancellation notice from the Rams (the RAMS PSL Agreement uses the term "Team" instead of "Licensor").

Here, of course, the Rams dispute that they were the "Licensor" identified in the FANS PSL Agreement or that they succeeded to the Licensor's rights and responsibilities. The amended class definition now proposed by McAllister is thus not appropriate because it does not reflect the terms of the FANS Agreement. The Court will thus grant McAllister's motion in part. The FANS Class definition is amended to read as follows:

> **FANS Class**. All persons or entities who, at the conclusion of the 2015 season, owned a PSL purchased from Fans, Inc. that was not later transferred or upgraded and who (a) had purchased Rams season tickets through their PSLs for the 2015 season or (b) did not purchase Rams season tickets for the 2015 season but did not receive a PSL cancellation notice from the PSL Licensor.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Ronald McAllister's motion to amend the class certification order (#367) is GRANTED in part and DENIED in part.

Dated this  19th  day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE