UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD MCALLISTER, et al., | ) | |
| | ) | No.  4:16-CV-00172-SNLJ |
| Plaintiffs, | ) | 4:16-CV-00262 |
| | ) | 4:16-CV-00297 |
| v. | ) | CONSOLIDATED |
| | ) | |
| THE ST. LOUIS RAMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT

Upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement, and after review of Plaintiffs' supporting Memorandum and exhibits (the "Memorandum"), including the Class Action Settlement Agreement executed between the Parties (the "Settlement Agreement"), it is hereby **ORDERED** as follows:

1. As used herein, words with initial capitalization shall have the same meaning as set forth in the Settlement Agreement, except where otherwise noted.

2. The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e). The Court finds that the Parties entered into the Settlement Agreement in good faith, following arms-length negotiation between their respective counsel with the assistance and guidance of the Honorable William Ray Price as a mediator.

3. The Rams are directed to retain RG/2 Claims Administration as the Claims Administrator to implement the terms of the proposed Settlement Agreement. The Claims Administrator is authorized to (a) mail the Postcard Notice; (b) e-mail the E-mail Notice; (c) publish the Publication Notice; and (d) post on the Settlement Website

(www.RamsPSLClassActionSettlementAgreement.com) a copy of the Settlement Agreement and exhibits thereto, Long Form Settlement Notice, the terms and conditions of the Rams PSL Agreement, the terms and conditions of the FANS PSL Agreement, the Claim Form, the Transfer Form, and any other document required to be posted by the Settlement Agreement or by subsequent agreement of counsel for the Parties. The Court also authorizes the Claims Administrator to carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by counsel for the Parties.

4. The Court approves, as to form and content, the Notice, including the Postcard Notice, the E-mail Notice, the Publication Notice, and the Long Form Notice, which are attached to the Memorandum as Exhibits *A* through *K*. Counsel for the Parties are directed to modify such notices to reflect the dates set by this order prior to publication and dissemination.

5. The proposed method of dissemination of Notice set forth in the Settlement Agreement, including the Postcard Notice, the E-mail Notice, the Publication Notice, and the Long Form Notice, is the best notice practicable under the circumstances, is a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the classes in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution, and is approved. Therefore:

    a. In accordance with the Settlement Agreement, the Claims Administrator, within thirty (30) calendar days of the entry of this Preliminary Approval Order, shall: (a) mail the Postcard Notice to the potential Class Members listed on the Mailing List; and (b) e-mail the E-mail Notice to the potential Class Members listed on the Mailing List;

  b. The Claims Administrator shall, as soon as practicable and in no event later than thirty (30) calendar days after this Preliminary Approval Order, publish the Publication Notice in accordance with Section III.F.3 of the Settlement Agreement;

  c. The Claims Administrator, within thirty (30) calendar days of the entry of this Preliminary Approval Order, shall post on the website www.RamsPSLClassActionSettlement.com the Settlement Agreement and exhibits, the terms and conditions of the FANS PSL Agreement, the terms and conditions of the Rams PSL Agreement, the Transfer Form, the Cancellation Notice, the stadium diagram with PSL tiers, the Long Form Notice, the Claim Form which may be filled out and submitted online on the Settlement Website), relevant pleadings and Court rulings, and Class Counsel's contact information; and

  d. Class Counsel shall provide to the Claims Administrator, as soon as practicable after filing, Class Counsel's Fee Application and motion for payment of incentive awards to the Class Representatives, together with supporting memorandum and papers, which the Claims Administrator will post on the Settlement Website within 5 days of receipt from Class Counsel. The Court finds that the posting of the Fee Application on the Settlement Website constitutes a reasonable manner of serving the motion pursuant to Rule 23(h).

6. At or before the Final Approval Hearing (defined below), the Claims Administrator shall provide the Court with a declaration showing that Notice was disseminated in accordance with this Order and the Settlement Agreement.

7. A Final Approval Hearing shall be held on _Monday, June 24_, 201_9_ at _10:30 a.m._ before the undersigned, at the United States District Court for the Eastern District of Missouri, 111 South 10th Street, St. Louis, Missouri 63102, Courtroom No. _3_ (_N_ ~~Floor~~). At the Final Approval Hearing, the Court will address whether the Settlement should be finally

3

approved, whether and in what amount Class Counsel shall be awarded their attorneys' fees, costs and expenses, and whether and in what amount the Class Representatives shall be entitled to incentive awards.

8. <u>Objections</u>.

a. Any Class Member who complies with the requirements of this paragraph may object to any aspect of the proposed Settlement Agreement either on his or her own or through an attorney hired at his or her expense.

b. Any Class Member who objects to the proposed Settlement Agreement must file with the Court, and serve on Class Counsel and Counsel for the Rams at the addresses set forth below, a written statement of objection postmarked no later than seventy-five (75) days after the date of this Preliminary Approval Order. The written statement of objection shall include: (a) the objecting Class Member's full name, address and telephone number and that of his or her counsel, if any; (b) all objections and a statement of any evidence the objecting Class Member wishes to introduce in support of the objection; (c) a statement as to whether the Class Member intends to appear at the Final Approval Hearing, either individually or through counsel; (d) the objecting Class Member's signature, (e) the case name and case number set forth in the caption of this Order; and (f) a detailed list of any other objections submitted by the Class Member, or his/her counsel, to any class actions submitted in any court, whether state or otherwise, in the United States in the previous five (5) years. If the Class Member or his/her counsel has not objected to any other class action settlement in any court in the United States in the previous five (5) years, he/she shall affirmatively state so in the written materials provided in connection with the objection. The written statement of objections shall also have attached to it: (a) an averment under penalty of perjury that the Class Member owned a PSL as of the end of the 2015 NFL football season and

that either (i) the Class Member used such PSL to purchase season tickets for the 2015 season; or (ii) the Class Member did not use such PSL to purchase season tickets for the 2015 season but never received a written notification that the PSL has been cancelled; and (b) any evidence the objecting Class Member wishes to introduce in support of the objection.

   c. Any Class Member who does not timely file and serve a written objection pursuant to the terms hereof shall be deemed to have waived, and shall be foreclosed from thereafter raising, any objection to the Settlement Agreement. Any objection that is not timely made shall be barred, except for good cause shown. Any Class Member who does not timely file and serve a notice of intention to appear pursuant to Paragraph 8.b(c) of this Order shall not be permitted to appear, except for good cause shown.

   d. The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members.

  9. <u>Exclusions</u>.

   a. Any Class Member may request to be excluded (or "opt out") from the Class. A Class Member who wishes to opt out of the Class must complete and mail to the Claims Administrator a Request for Exclusion, including a statement that the Class Member desires to be excluded from the Class, that is postmarked no later than seventy-five (75) calendar days from the date of this Preliminary Approval Order. Only in the case of a putative Class Member who is deceased or incapacitated may the Request for Exclusion be signed by the legally authorized representative of the putative Class Member. Otherwise, the Request for Exclusion must be personally signed by the Class Member requesting exclusion. No person shall be deemed opted-

5

out of the Class through any purported "mass" or "class" opt-outs. So-called "mass" or "class" opt-outs shall not be allowed.

      b.      Except for those Class Members who have properly and timely submitted Requests for Exclusion, all Class Members will be bound by the Settlement Agreement if finally approved, and the Judgment and Order Approving Settlement, if entered, including the Release contained within the Settlement, regardless of whether they receive any monetary relief.

      c.      Any Class Member who properly requests to be excluded from the Class shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement Agreement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

10.      <u>Supplemental Filing Deadlines</u>.

      a.      The (a) Motion for Final Approval of the Settlement Agreement, together with the supporting memorandum and papers, and (b) Class Counsel's Fee Application and motion for payment of incentive awards, together with supporting memorandum and papers, shall be filed no later than _May 24_, 2019.

      b.      The Parties may each file a supplemental brief no longer than twenty-five (25) pages in length to address any objections filed by Class Members. Said supplemental briefs shall be filed no later than seven (7) calendar days before the Final Approval Hearing.

11.      If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next Court business day.

12.      The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the

website www.RamsPSLClassActionSettlemnet.com referred to in the Notice; the Parties shall not be required to re-send or re-publish the Notice herein.

13.  Pending the Final Approval Hearing, all proceedings in the Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

14.  The Court approves and adopts the termination provisions of the Settlement Agreement.

SO ORDERED this 24th day of January, 2019.

_____
Stephen N. Limbaugh, Jr.
United States District Judge