**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD MCALLISTER, *et al.*, ) | | |
| ) | No. | 4:16-CV-00172-SNLJ |
| Plaintiffs, ) | | 4:16-CV-00262 |
| ) | | 4:16-CV-00297 |
| v. ) | | CONSOLIDATED |
| ) | | |
| THE ST. LOUIS RAMS, LLC, ) | | |
| ) | | |
| Defendant. ) | | |

### [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing under this Court's Preliminary Approval Order dated January 24, 2019, and on Plaintiffs' Motion for Final Approval of a Settlement Agreement (the "Motion") dated May 24, 2019. Due and adequate notice having been given to the certified Rams Class and FANS Class as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein and otherwise being fully informed, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Judgment incorporates the Settlement Agreement's definitions by reference, and all terms used herein shall have the meanings set forth in the Settlement Agreement.

2. This Court has jurisdiction over this Action and over all Parties to this Action, including all Class Members.

3. The Court finds that the Motion should be, and hereby is, **GRANTED**.

4. The Court finds that the Settlement Agreement provides substantial benefit to the Class Members in return for a release and dismissal of the claims at issue in these three consolidated cases against the Rams and is, in all respects, fair, just, reasonable, and adequate to

the Class and, therefore, finally approves the Settlement Agreement under Federal Rule of Civil Procedure 23(e), and directs the Settlement Agreement's terms to be performed as stated therein.

5. The Court has already concluded in its Memorandum and Order dated March 13, 2018 (ECF No. 355) and in its Memorandum and Order dated April 19, 2018 (ECF No. 375) that the Rams Class, the Rams MMPA Subclass, the FANS Class, and the FANS MMPA Subclass satisfy the prerequisites of Rule 23(a) because the classes are so numerous that joinder of all members is impracticable, there are numerous questions of law or fact common to the Rams Class, the Rams MMPA Subclass, the FANS Class, and the FANS MMPA Subclass, the claims of the Class Representatives are typical of claims of the Rams Class and the FANS Class and their respective MMPA Subclasses, and the Class Representatives will fairly and adequately protect the interests of their respective Classes and MMPA Subclasses. The Court certified the Rams Class, the Rams MMPA Subclass, the FANS Class, and the FANS MMPA Subclass because the Court found that the questions of law or fact common to Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court appointed Class Counsel to represent the Rams Class, the Rams MMPA Subclass, the FANS Class, and the FANS MMPA Subclass.

6. Class Members and the Rams shall be bound by the Settlement Agreement and releases contained therein, and this Order and Final Judgment, and Class Members do not have any further opportunity to opt out of this litigation.

7. Any Class Member who did not timely file and serve an objection in writing to the Settlement Agreement, to the entry of this Order and Final Judgment, or to Class Counsel's application for fees and costs, in accordance with the procedures set forth in the Notice is deemed

to have waived any such objection by appeal, collateral attack, or otherwise.  No timely objections have been filed and the only untimely objection received has no merit and is thus denied.

8. Having determined pursuant to Rule 54(b) that there is no just reason for delay, the Complaints and all claims asserted therein, including all claims of the Rams Class, the Rams MMPA Subclass, the FANS Class, and the FANS MMPA Subclass, but excluding Richard Hellmer who validly and timely requested exclusion from the Class ("Excluded Class Members") and excluding the Rams' third party complaint against the Regional Convention and Visitors Commission which is the subject of a pending arbitration, are dismissed with prejudice. Specifically included in the scope of this Order and Final Judgment, but without limitation, are any claims for breach of contract, unjust enrichment, money had and received, and for violation of the MMPA made by any person pursuant to or arising under the Rams PSL Agreement or the FANS PSL Agreement.  The Parties shall bear their own costs, except as otherwise provided in the Settlement Agreement and in the Court's separate order(s) regarding Plaintiffs' Fee Application.

9. On the Effective Date, the Parties, except Excluded Class Members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Parties from any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest or expenses, whether liquidated or unliquidated, whether known or unknown, whether under state or federal law, that were or could have been asserted in the Action, or are based on or in any way related to the Rams' conduct as alleged in the Complaints, or arise in any way from the Rams PSL Agreement or the FANS PSL Agreement.

10. The Notice, including the Long Form Notice, the Postcard Notice, the E-mail Notice, and the Publication Notice, given to the Class were the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort, and said Notice was made in a reasonable manner and fully satisfied the requirements of applicable law, including Rule 23(c)(2), Rule 23(e)(4), and the Due Process Clause of the United States Constitution.

11. Except in connection with the enforcement of its provisions, the Settlement Agreement, and any act performed or document executed under or in furtherance of the Settlement Agreement or any negotiation, discussion, or proceedings in connection with the Settlement Agreement shall not be offered or received against any Party for any reason including, without limitation, as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Rams with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted in the Complaints, or in any litigation, or the deficiency of any defense that was or could have been asserted in this Action, or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Rams.

12. Without affecting this Judgment's finality in any way, this Court hereby retains continuing jurisdiction over implementation of the Settlement Agreement and all Parties.

13. If there is no Effective Date, then (i) this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement, and (ii) the Parties shall immediately revert to their litigation positions as of May 14, 2018 (the date on which the Court first stayed this Action pending the Parties' settlement discussions).

14.     The procedures set forth in Rule 23(h) regarding Plaintiffs' Fee Application have been satisfied. The Court sets forth its findings of fact and conclusions of law regarding said motion in a separate order awarding attorneys' fees and costs.

15.     The Court finds that this Order and Judgment constitutes a final adjudication on the merits of this Action, except as to the Rams' third party complaint against the Regional Convention and Visitors Commission, and should be entered without delay. Accordingly, the Clerk is directed to enter this Judgment forthwith.

SO ORDERED

_____
Stephen N. Limbaugh, Jr.
United States District Judge

June 24, 2019